# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4047-18T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

F.V.T.,

      Defendant,

and

J.F.L.,

      Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF J.H.L.,

      a Minor.

_____

Argued January 8, 2020 – Decided January 16, 2020

Before Judges Fuentes, Haas and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FG-01-0016-19.

Adrienne Marie Kalosieh, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Robyn A. Veasey, Deputy Public Defender, of counsel; Adrienne Marie Kalosieh, on the briefs).

Alexa L. Makris, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Jane C. Schuster, Assistant Attorney General, of counsel; Alexa L. Makris, on the brief).

Todd S. Wilson, Designated Counsel, argued the cause for minor (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Todd S. Wilson, on the brief).

PER CURIAM

Defendant J.F.L.,[1] the biological father of J.H.L. (Jen), born in August 2014, appeals from the May 2, 2019 judgment of guardianship terminating his parental rights to the child.[2] Defendant contends that the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A.

---

[1] We refer to the adult parties by initials, and to the child by a fictitious name to protect their privacy. R. 1:38-3(d)(12).

[2] The judgment also terminated the parental rights of Jen's biological mother, F.V.T, who voluntarily surrendered her parental rights to the child.

30:4C-15.1(a) by clear and convincing evidence. The Law Guardian supports the termination on appeal as it did before the trial court.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendant's parental rights. Accordingly, we affirm substantially for the reasons set forth by Judge Pamela D'Arcy in her thorough oral decision rendered on May 1, 2019.

We will not recite in detail the history of the Division's interactions with Jen and her parents. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge D'Arcy's decision. We add the following comments.

Shortly after Jen's birth, the Division conducted the first of three removals of the child from defendant and F.V.T. Over the years that followed, the Division offered defendant and F.V.T. numerous services, including anger management, substance abuse evaluation, parenting classes, therapeutic visitation, and family preservation services, to assist them in reuniting with their child. However, defendant refused to fully engage with these services, and

A-4047-18T3

failed to take any meaningful steps to address the long-standing problems that prevented him from being able to safely parent Jen.[3]

Dr. Alan Lee, Psy.D., the Division's expert in psychology, evaluated defendant and opined that he had "entrenched and maladaptive personality traits that adversely impacted his overall functioning." Dr. Lee found that defendant's "prognosis for significant and lasting change[] [was] poor." Therefore, Dr. Lee concluded that defendant could not safely or independently care for Jen now or in the foreseeable future.

Dr. Lee's bonding evaluation between defendant and Jen revealed that the child had only an "ambivalent and insecure attachment" to defendant. Dr. Lee found there was "a low risk of [Jen] suffering severe and enduring psychological or emotional harm" if her relationship with defendant was permanently ended. On the other hand, Dr. Lee opined that Jen had a "significant and positive bond" with her two resource parents, who planned to adopt her. Thus, Dr. Lee concluded that Jen would be at "significant risk" of severe and enduring harm if her bond with the resource parents was ended.

---

[3] Defendant was incarcerated on a robbery charge shortly after the third, and final, removal in July 2017, and will not be released until February 2020.

Although defendant testified at trial, he did not present any expert witnesses to contradict the opinions offered by Dr. Lee.

In her thoughtful opinion, Judge D'Arcy reviewed the evidence presented at the trial, and concluded that (1) the Division had proven all four prongs of the best interests test by clear and convincing evidence, N.J.S.A. 30:4C-15.1(a); and (2) termination of defendant's parental rights was in Jen's best interests. In this appeal, our review of the trial judge's decision is limited. We defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).

Applying these principles, we conclude that Judge D'Arcy's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4047-18T3